**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                Criminal No. 07-mj-82-01-JM

Job Ernesto Saenz

**ORDER OF FINDING PROBABLE CAUSE AND
OF DETENTION PENDING TRIAL**

Agent Young's testimony, together with the ATF form establish probable cause.  In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on October 12, 2007, for the purpose of determining whether to detain defendant, Job Ernesto Saenz, who has been charged with knowingly making a false statement on a firearms form.

Under 18 U.S.C. § 3142(f)(2), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight or the risk that he will obstruct justice or intimidate or threaten a witness or juror.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court,

in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93.

In the case at hand, I have found the probable cause to believe that the offenses charged have been committed and that the defendant has committed them.

Here, I find that the government has met its burden with

regard to risk of flight.  Specifically, in this crime defendant's fraudulent statements on the ATF form served to get him an AK-47, five loaded 30 round magazines and a total of 696 rounds, all concealed in his car.  Other than a temporary job here, he has no New Hampshire ties.  He is in the country illegally and all of his relatives are in Mexico.  His use of false documents, lies of citizenship and access to weapons demonstrate a risk of flight.

I am satisfied from the representations and documents offered during the hearing that no condition or combination of conditions will reasonably assure the safety of the community.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant poses a **RISK OF FLIGHT OR DANGER TO THE COMMUNITY**.

Accordingly, it is **<u>ORDERED</u>** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable

3

opportunity for private consultation with defense counsel.  On

order of a court of the United States or on request of an

attorney for the Government, the person in charge of the

corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection

with a court proceeding.

      **SO ORDERED.**

                        _____

                        James R. Muirhead
                  United States Magistrate Judge


Date:  October 12, 2007

cc:    Mark S. Zuckerman, Esq.
       U.S. Marshal
       U.S. Probation